# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAYESH SRIVASTAVA,** <br> 2124 Strawberry Court, <br> Edison, NJ 08817 <br><br> Plaintiff, <br><br> v. <br><br> **RAND BEERS,** Acting Secretary, <br> U.S. Department of Homeland <br> Security, in his official capacity as well <br> as his successors and assigns, <br> 245 Murray Lane, S.W., <br> Building 410, <br> Washington, D.C. 20528, <br><br> and <br><br> **ALEJANDRO MAYORKAS,** <br> Director, U.S. Department of <br> Homeland Security, U.S. Citizenship <br> and Immigration Services, in his <br> official capacity, as well as his <br> successors and assigns, <br> 20 Massachusetts Avenue, N.W., <br> Washington, DC 20529, <br><br> Defendants. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** <br><br> **CIVIL ACTION NO.** <br> _____ <br><br> **AGENCY CASE NUMBERS:** <br><br> A200856760 <br> NRC2012115981 <br> PPO2013000019 <br> APP2013000295 <br> EAC-09-139-54102 <br><br> **REQUEST FOR ORAL ARGUMENT** |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Jayesh Srivastava, through undersigned counsel, alleges as follows:

### I. INTRODUCTION

1. This is an action under the Freedom of Information Act ("FOIA"), as amended, 5 U.S.C. §552, for declaratory, injunctive and other appropriate relief, seeking, principally, the immediate production of agency records requested by plaintiff Jayesh Srivastava ("Mr. Srivastava") from defendants United States Department of Homeland Security ("DHS") and United States Citizenship and Immigration Services ("USCIS") regarding the processing and adjudication actions relating to his Form G-639, Freedom of Information/Privacy Request ("FOIA request").

2. DHS and USCIS have violated FOIA by: (i) improperly withholding responsive records; (ii) conducting an inadequate search for requested records; and (iii) failing to respond to Mr. Srivastava's FOIA request for records within the time period mandated by FOIA.

3. Mr. Srivastava seeks: (i) a declaration that the records sought are subject to disclosure under FOIA, (ii) affirmative injunctive relief requiring DHS to immediately produce all responsive records that have been unlawfully withheld or redacted; and (iii) an award of reasonable attorneys' fees and other litigation costs.

### II. JURISDICTION AND VENUE

4. This Honorable Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. §1331 because this action arises under FOIA and the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

5. Venue lies in the U.S. District of the District of Columbia under 5 U.S.C.

§552(a)(4)(B).

6. Declaratory relief is authorized by 28 U.S.C. §2201-2202 and Rule 57 of the

7. Federal Rules of Civil Procedure, Fed. R. Civ. P. 57.

### III.  PARTIES

8. Plaintiff Jayesh Srivastava, born March 15, 1979, is a national and citizen of India.  See Affidavit of Jayesh Srivastava, dated October 21, 2013, Exhibit A.

9. Rand Beers is the Acting Secretary of the DHS and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged with overseeing the DHS, which includes sub-agency USCIS, and with implementing the Immigration and Nationality Act ("INA").  He is further authorized to delegate certain powers and authority to subordinate employees of the USCIS, which is an agency within the DHS.  DHS is headquartered at 245 Murray Lane, S.W., Washington, D.C. 20598.  Defendant DHS is a department of the Executive Branch of the United States Government.  DHS is an agency within the meaning of 5 U.S.C. §552(f)(1).

10. Alejandro Mayorkas is the Director of the USCIS, who is named herein only his official capacity, as well as his successors and assigns.  He is generally charged with the implementation of the INA, and is further authorized to delegate certain powers and authority to subordinate employees of the USCIS.  USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, DC 20529.  USCIS is an agency within the meaning of 5 U.S.C. §552(f)(1).

### IV.  STATEMENT OF FACTS

11. In 2009, Plaintiff hired Vision Career Consultants ("VCC") to prepare and file a Form I-539, Application to Extend/Change Nonimmigrant Status ("I-539 Application") in order

to change his nonimmigrant status from H-1B to F-1 to begin attending school at the University of Northern Virginia ("UNVA").  See Exhibit A.

12.     VCC filed an I-539 Application on Plaintiff's behalf which was subsequently approved by USCIS. However, Plaintiff neither recalls seeing a copy of the actual documents filed with USCIS, nor does he remember ever signing an I-539 Application.  See Form I-797 Approval Notice, Receipt Number EAC-09-139-54102, dated May 29, 2009, a copy of which is attached and incorporated hereto as Exhibit B; see also Exhibit A.

13.     In October 2009, First Tek Technologies, Inc. ("First Tek") filed an I-129 Petition for Nonimmigrant Worker ("I-129 Petition") to change Plaintiff's status from F-1 to H-1B. Once USCIS approved the I-129 Petition, Plaintiff ceased attending school and began working for First Tek.  See Form I-797 Approval Notice, Receipt Number EAC-09-244-51077, dated October 5, 2009, a copy of which is attached and incorporated herein as Exhibit C; see also Exhibit A.

14.     In June 2012, First Tek filed an I-129 Petition to extend Plaintiff's H-1B status. While USCIS approved the I-129 Petition, the extension of H-1B status was denied.  USCIS's denial was based on Plaintiff allegedly submitting fraudulent financial documents with his I-539 Application, which VCC prepared and filed in 2009.  See Form I-797 Approval Notice and extension of status denial decision ("USCIS Decision"), Receipt Number EAC-12-203-51479, dated October 16th, 2012, a copy of which is attached and incorporated herein as Exhibit D; see also Exhibit A.

15.     Plaintiff's employer filed a Motion to Reopen/Reconsider on Form I-290B, Notice of Appeal or Motion, ("Form I-290B") challenging USCIS's denial of the extension of status request.  The Form I-290B argued that Plaintiff did not submit any fraudulent documents

to USCIS with the I-539 Application; any questionable or fraudulent documents were furnished by VCC without his knowledge or consent.  See I-797 Receipt Notice, Receipt Number EAC-13-901-110452, dated November 26, 2012, a copy of which is attached and incorporated herein as Exhibit E; see also Exhibit A.

16.     On December 17, 2012, Plaintiff filed a FOIA request with USCIS seeking a complete copy of Platiniff's "A or 'Alien' file # A 200856760."   See FOIA Request of Jayesh Srivastava, dated December 17, 2012, a copy of which is attached and incorporated herein as Exhibit F; see also Exhibit A.

17.     On January 25, 2013, well over twenty (20) business days after Plaintiff's FOIA request was filed on December 17, 2012, USCIS provided a letter in response to Plaintiff's FOIA request.  However, the response did not include a complete copy of Plaintiff's Alien file, as requested.  USCIS failed to include multiple documents that Plaintiff's Alien file should contain, including a copy of the I-539 Application at issue in EAC-09-139-54102, copies of I-129 Petitions filed on Plaintiff's behalf, and the Form I-290B filed by First Tek.  See FOIA Response from USCIS, dated January 25, 2013, a copy of which is attached and incorporated herein as Exhibit G; see also Exhibit A.

18.     USCIS denied First Tek's Form I-290B on January 31, 2013, and made a finding of fraud resulting in Plaintiff's inadmissibility to the United States under INA §212(a)(6)(C)(i).  See USCIS denial of Form I-290B, dated January 31, 2013, a copy of which is attached and incorporated herein as Exhibit H; see also Exhibit A.

19.     Plaintiff filed an administrative appeal of the FOIA decision, challenging USCIS's failure to produce a complete copy of his Alien file pursuant to 6 C.F.R. §5.9(a)(1) on or about February 6, 2013.  See Appeal of USCIS Response to Freedom of Information Act

Request, dated February 6, 2013, a copy of which is attached and incorporated herein as Exhibit I; see also Exhibit A.

20. Defendant USCIS remanded Plaintiff's appeal to the National Records Center for a further search of responsive records. See letter from Alan D. Hughes, Associate Counsel, Commercial & Administrative Law Division, dated February 13, 2013, a copy of which is attached and incorporated herein as Exhibit J; see also Exhibit A.

21. Plaintiff has exhausted the applicable administrative remedies with respect to his FOIA request to USCIS. See e-mail communications from Plaintiff's counsel to USCIS, dated July 18, 2013 and July 31, 2013, copies of which are attached and incorporated herein as Exhibits K and L. See also 5 U.S.C. §552(a)(6)(C)(i).

22. In response to Plaintiff's appeal, Defendant USCIS issued a letter stating: "We have completed our review of your request and have identified 534 pages that are responsive. Based on our review, we have determined that your request is being denied in full. This information is exempt pursuant to 5 U.S.C. § 552(b)(7)(A)." See USCIS FOIA Decision dated August 12, 2013, a copy of which is attached and incorporated hereto as Exhibit M.

23. To date, USCIS has not provided a complete response to this FOIA Request with the requested records or documents.

## V.  FIRST CAUSE OF ACTION

24. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

25. On December 17, 2012, Plaintiff properly submitted a request to USCIS for records that are public records subject to FOIA. After USCIS failed to provide the responsive records, Plaintiff's FOIA request was remanded back to the National Records Center on

February 13, 2013.  See Exhibit A and Exhibit J.

26. USCIS failed to respond or otherwise provide the records and documents requested in Plaintiff's FOIA request within twenty (20) business days.  5 U.S.C. §552(a)(6)(A).

27. Accordingly, USCIS' withholding of such responsive documents and failure to otherwise respond within the prescribed twenty (20) business days is improper and violates FOIA.  5 U.S.C. §552(a)(6)(A).

## VI.  SECOND CAUSE OF ACTION

28. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

29. Based upon information and belief, USCIS possesses a set of documents commonly referred to as an Alien or "A" file, numbered A 200856760, which corresponds to all records relating to Plaintiff's I-539 Application and all other filings or records relating to his immigration history in the United States.

30. Defendant USCIS did not produce complete copy of Plaintiff's Alien file, as it should contain a copy of his I-539 Application.  See Exhibit A and Exhibit H (denial of I-290B).

31. Defendant USCIS cited 5 U.S.C. §552(b)(7)(A) as the basis for its refusal to produce any of the 537 pages of documents that it identified as relevant to Plaintiff's FOIA request.

32. Defendant USCIS' invocation of 5 U.S.C. §552(b)(7)(A) in this instance is overbroad.

33. Defendant USCIS' refusal to produce the requested records under 5 U.S.C. §552(b)(7)(A) is a violation of FOIA.

34. Accordingly, Defendant USCIS' inadequate search for responsive records violates 5 U.S.C. §552(a)(3).

### VII.  THIRD CAUSE OF ACTION

35. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

36. Defendant USCIS' action in withholding the requested information identified above was arbitrary and capricious under 5 U.S.C. §551 et seq., 5 U.S.C. §555(b), §702, §704 and §706, the Administrative Procedure Act.

37. Defendant USCIS willfully and unreasonably refused to provide Plaintiff with the documents and information requested under FOIA.

38. Accordingly, USCIS' inadequate search for responsive records violates 5 U.S.C. §552(a)(3).

### VIII.  INJURIES TO PLAINTIFF

39. Defendant USCIS' failures to comply with FOIA, namely 5 U.S.C. §§552(a)(3) and (6)(A), is causing Plaintiff substantial harm in that he is being forced to appeal the denial of his I-129 Petition without access to the very documents that are the basis of these denials, in violation of 8 C.F.R. §103.2(b)(16)(1).

40. Without access to the records requested in his FOIA Request, Plaintiff may not be able to prepare an adequate appeal of these denials to the USCIS Administrative Appeals Office.

41. Without access to the records requested in his FOIA Request, Plaintiff is unable to fully defend himself against the fraud finding made by USCIS, which carries grave consequences including permanent inadmissibility to the United States.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. Declare that Defendant USCIS' failure to produce Plaintiff's complete Alien file within twenty (20) days is unlawful under 5 U.S.C. §552(a)(6)(A).

2. Declare that Defendant USCIS' withholding of responsive records is unlawful under FOIA.

3. Declare that USCIS' failure to conduct an adequate search for these requested records is unlawful under FOIA.

4. Declare that the agency action in this case was "arbitrary and capricious" thus violating the Administrative Procedure Act.

5. Enter an affirmative injunction directing Defendant USCIS to produce a complete, unredacted copy of Plaintiff's Alien file, without further delay.

6. Award Plaintiff reasonable attorneys' fees and other litigation costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. §504, 28 U.S.C. §2412.

7. Grant Plaintiff any further relief this Court deems just and proper.

DATED: November 4, 2013.

_____/s/_____

Aron A. Finkelstein, Esquire
U.S. District Court Bar #MD25560
Murthy Law Firm
10451 Mill Run Circle
Suite 100
Owings Mills, MD 21117
(410) 356-5440

Attorney for Plaintiff